IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNHARDT BERNARD TAYLOR, | § | |
| (SPN #01686421) | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-18-2715 |
| | § | |
| KIM OGG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Lynhardt Bernard Taylor, a pretrial detainee in the Harris County Jail, sues under 42 U.S.C. § 1983, alleging that his civil rights were violated in connection with his arrest and prosecution. Representing himself, Taylor sues Kim Ogg, the Harris County District Attorney; Ed Emmett, former Chair of the Commissioners Court of Harris County; Sylvester Turner, City of Houston Mayor; J. Nemeth, City of Houston Police Officer; the City of Houston Police Department (HPD); David Slayton, Executive Director of the Texas Judicial Council for the Office of Court Administration; and a Mr. Clark, his court-appointed defense lawyer. Taylor alleges that the defendants all conspired to enforce an unlawful "no evidence" policy, which resulted in his wrongful arrest and detention.

Ogg and Emmett moved to dismiss on the grounds that they do not have the capacity to sue or be sued; they did not participate in the events at issue; and they are entitled to absolute immunity.[1] Mayor Turner, HPD Officer Nemeth, and the HPD, have moved to dismiss on the grounds that the HPD does not have the capacity to be sued; Mayor Turner was not involved in the events at issue; and the factual allegations against Officer Nemeth are conclusory and fail to state a claim on which

---

[1] *See* Docket Entry No. 4.

relief can be granted.² The Texas Attorney General's Office has filed an insufficient service advisory on behalf of Slayton.³ Clark, Taylor's appointed criminal defense attorney, has not responded to the complaint, and it is not clear that he was served.

Taylor has responded to the motions to dismiss and moved for leave to file an amended complaint.⁴ A careful review of the pleadings, evidence, and applicable law leads the court to grant the motions to dismiss and to deny leave to amend, because amendment would be futile. Final judgment is separately entered.

The reasons are explained below.

I.  **The Complaint Allegations**

Taylor alleges that, on May 11, 2017, HPD Officer J. Nemeth stopped him when he was pulling his vehicle into his mother's driveway. Officer Nemeth "verbally cited" Taylor by stating that the vehicle's paper plates were expiring in May 2017. Officer Nemeth asked Taylor for his driver's license and asked whether the vehicle belonged to him. Taylor showed his license and stated that the vehicle belonged to his girlfriend. A search of the records relating to Taylor's driver's license revealed an outstanding warrant for Taylor's arrest in connection with a parole violation. Officer Nemeth then searched Taylor's pockets and found $900.00 in cash, including a counterfeit $50.00 bill. Taylor stated that a woman who owed him money had given him the bill.

After Officer Nemeth found the money, he did a full search of the vehicle. That uncovered a firearm in a large pile of clothes belonging to Taylor's girlfriend.

---

²*See* Docket Entry No. 3.

³*See* Docket Entry No. 13.

⁴*See* Docket Entry Nos. 6, 12.

2

A review of public records confirms that Taylor was arrested on May 11, 2017, and charged with forging a government financial instrument and being a felon in possession of a firearm.[5] On May 13, the 208th District Court of Harris County made an independent probable-cause determination. *See State of Texas v. Taylor*, Cause No. 1551140. In June 2017, a Harris County grand jury indicted Taylor for these offenses. Taylor remains in the custody of the Harris County Jail pending his criminal trial.

In July 2018, Taylor filed this lawsuit in the 80th District Court for Harris County, Texas. He alleged that he was unlawfully stopped, searched, and arrested, without any evidence, and that the defendants acted in concert to arrest and indict him under official "no evidence" practices. Taylor seeks declaratory and injunctive relief and compensatory damages in varying amounts under 42 U.S.C. § 1983. In August 2018, the defendants removed the case to this court, and then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.     The Applicable Legal Standards

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. Rule 8 does not require a "heightened fact pleading of specifics," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or "detailed factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original).

---

[5]The court takes judicial notice of information related to Taylor's state-court proceedings from public records available through the Harris County District Clerk's Office.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, courts are not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or legal conclusions couched as factual assertions. *Iqbal*, 556 U.S. at 678; *see Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (citation omitted).

A request for leave to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure. When, as here, responsive pleadings have already been filed, a complaint may be amended only with the court's leave or adverse parties' consent. *See Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992). A court should freely give leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Justice does not require an amendment when the requested amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would fail to state a claim on which relief could be granted, because it would not withstand a Rule 12(b)(6) motion to dismiss. *JR Stripling v. Guardian Energy Exploration Corp.*, 234 F.3d 863, 873 (5th Cir. 2000).

## III.    Analysis

### A.    The Claims Against the County Defendants

Taylor alleges that Ogg allowed her subordinates to commit fraud on the grand jury by presenting "allegations or accusations of an offense when in actuality and reality there's absolutely

4

'no evidence' that an offense has been committed."[6] Taylor further alleges that Emmett had a responsibility to know what practices the District Attorney's Office is using and that Emmett failed to take general corrective action against the practices of Ogg and her office.[7]

The elements of a § 1983 claim require factual allegations that the plaintiff was deprived of a right secured by the Constitution or laws of the United States, by a person acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). The plaintiff must allege facts showing a misuse or abuse of official power and a nexus between the alleged improper conduct and each defendant's performance of his or her official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Personal involvement is an essential element. *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992) (the plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant"). Section 1983 does not allow vicarious liability of a superior for a subordinate's or another's wrongdoing. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691–93 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983); *see also Iqbal,* 556 U.S. at 677 ("'[S]upervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (citation omitted). In a § 1983 suit, the plaintiff must plead facts that if proven would show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.

A claim against supervisory officials is sufficiently pleaded only if the plaintiff pleads facts showing either (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

---

[6]*See* Docket Entry No. 1-5, at 7–8.

[7]*Id.* at 9.

deprivation. *See Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987); *see also Southard v. Tex. Bd. of Criminal Justice,* 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability without personal participation in the alleged actions can apply only if the factual allegations are sufficient to show that the supervisory official implemented a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins,* 828 F.2d at 304 (quotations omitted); *see also Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011) ("A supervisory official may be held liable [under § 1983] . . . if . . . he implements unconstitutional policies that causally result in the constitutional injury").

Taylor sues Ogg and Emmett, in their official capacities as supervisory officials. Taylor does not allege that either had any personal involvement in the events at issue. Instead, Taylor vaguely alleges no more than Ogg's and Emmett's general knowledge of and acquiescence in general misconduct by subordinates. Mere knowledge or acquiescence on a supervisor's part is insufficient for supervisory liability under § 1983. *See Iqbal*, 556 U.S. at 667 (rejecting an argument that government officials may be held liable merely because they knew about or acquiesced in their subordinate's misconduct). There must be an affirmative link between the alleged injury and the supervisor's own conduct. *See Thompkins*, 828 F.2d at 304; *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976)). Absent facts establishing Ogg's and Emmett's personal involvement in, or implementation of, a constitutionally defective policy that resulted in the incident and harm Taylor alleges, Taylor's claims against Ogg and Emmett rest on a theory of vicarious liability and cannot state a basis for recovery under § 1983.

Even assuming that Taylor could allege facts showing that Ogg directly participated in his criminal case, Taylor's claims against her would still fail. A pretrial detainee cannot recover

6

damages from a state prosecutor for decisions made in connection with criminal proceedings. Prosecutors are entitled to absolute immunity from civil-rights claims for initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutors are absolutely immune from civil suits for damages for initiating a prosecution and in presenting the state's case). Taylor's claims against Ogg are based on prosecuting and presenting evidence in his state-court criminal case. These claims must be dismissed as legally without basis, because they seek monetary relief from a defendant immune from that relief.

To the extent that Taylor attempts to sue Harris County[8] as a separate entity, he cannot state a claim for relief. A municipality may be held liable under § 1983 only for acts that are directly attributable to it through some official action. *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). "To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *Id.* "The official policy itself must be unconstitutional or, if not, must have been adopted 'with deliberate indifference to the known or obvious fact that such constitutional violations would result.'" *Id.* (citations omitted). An official policy is:

> 1. [a] policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

---

[8] Taylor appears to sue the Harris County Commissioners Court as a defendant. The Commissioners Court is the body that exercises "powers and jurisdiction over all county business. . . ." Tex. Const. art. V, § 18(b); *see Bee County v. Roberts*, 437 S.W.2d 62, 64 (Tex. Civ. App.—Corpus Christi 1968, no writ) ("A county operates through its Commissioners Court[.]"). The Commissioners Court has no jural existence separate and apart from Harris County and "does not have the capacity to sue or be sued." *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The suit against the Commissioners Court is properly treated as a suit against Harris County.

7

> 2. [a] persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. . . .

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*).

Taylor's allegations that Harris County or its officials implemented a custom of arresting and indicting individuals without evidence are conclusory, vague, and speculative. Taylor cannot state a claim based on factual allegations that are at such a generalized and speculative level. Although Taylor tries to frame his allegations as a policy or practice, the allegations are based on subjecting the County to vicarious liability for the acts of subordinates, which is insufficient as a matter of law. Taylor's claims against Ogg, Emmett, and Harris County are dismissed, with prejudice because further amendment would be futile.

### B. The Claims Against the City Defendants

Taylor alleges that Mayor Turner was responsible for overseeing the HPD and ensuring that the City's police officers did not engage in "widespread systematic practices" of arresting people and charging them with offenses with "absolutely no evidence that the person being arrested has committed the offense[.]"[9] Taylor also alleges that Officer Nemeth was enforcing the HPD's no-evidence practice when he arrested Taylor.[10]

Taylor does not allege that Mayor Turner was personally involved in any part of his arrest or prosecution. Nor does Taylor allege facts showing any wrongful conduct by Mayor Turner that caused the constitutional deprivations Taylor alleges, or that Mayor Turner implemented a constitutionally deficient policy that was the moving force behind the alleged constitutional

---

[9]Docket Entry No. 1-5, at 3.

[10]*Id.* at 4–6.

8

deprivations. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Because Taylor alleges no factual basis for Mayor Turner's individual liability, the claims against Mayor Turner are dismissed, with prejudice because amendment would be futile.

Taylor also lists the HPD as a defendant. As a subdivision of the City of Houston, the HPD is not subject to suit. Fed. R. Civ. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also Darby*, 939 F.2d at 313–14 (as an agency or subdivision of the city, the police department could not be separately sued). Taylor's claims against the HPD must be dismissed, again without leave to amend.

To the extent that Taylor alleges false arrest by Officer Nemeth, he also fails to state a ground for relief. To allege a false-arrest claim, Taylor must allege facts that would show the absence of probable cause to arrest him. *See Haggerty v. Tex. Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Id.* at 655–56 (quoting *Glenn v. City of Taylor*, 242 F.3d 307, 313 (5th Cir. 2001)). At a minimum, and as a matter of law, the outstanding warrant for Taylor's arrest in connection with a parole violation gave Officer Nemeth probable cause to arrest Taylor.[11] And Taylor concedes that he was found in possession of a counterfeit $50.00 bill and a firearm which, in light of his criminal record, separately provided probable cause to arrest him. Taylor cannot state a claim for false arrest. The claim is dismissed, with prejudice and without leave to amend.

---

[11]Records from the Harris County Jail show that Taylor is also being held on a pending motion to revoke his parole.

Finally, to the extent Taylor alleges that Officer Nemeth's actions resulted in Taylor's wrongful arrest and a malicious prosecution, his claims cannot proceed. Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), when a defendant brings a § 1983 case against an arresting officer, the district court must first consider whether a judgment in the defendant's favor would make a criminal conviction or sentence based on the offenses invalid. If so, the § 1983 claim is barred unless and until the claimant shows that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Taylor claims that Officer Nemeth conducted an illegal stop, search, seizure, and arrest. Taylor was charged with the felony offenses of forging a governmental financial instrument and being a felon illegally possessing a firearm. Taylor's claims directly challenge his pending criminal charges and would undermine the validity of any criminal conviction or sentence on those charges. While *Heck* does not directly apply to pending criminal charges, *Wallace v. Kato*, 549 U.S. 384, 393 (2007), when, as here, a pending § 1983 lawsuit may implicate the invalidity of a conviction or sentence in a pending criminal prosecution, the § 1983 claims cannot be considered until after the criminal prosecution has ended in the defendant's favor. *See Kato*, 549 U.S. at 395 n.5 (a Fourth Amendment claim can necessarily imply the invalidity of a conviction). Because the criminal charges against Taylor are still pending, this court dismisses Taylor's § 1983 claims against Officer Nemeth, without prejudice to reconsideration only if Taylor files a motion to reinstate after the criminal proceedings are terminated, if they end in an acquittal or failure to convict.

### C. The Claims Against the Executive Director

Taylor alleges that David Slayton, the Executive Director of the Texas Judicial Council, has failed to perform his duty to examine the practices of the District Attorney's Office, the courts, and

the police department.¹² Taylor has not alleged that Slayton was personally involved in, or that his conduct was causally connected to, the constitutional deprivations Taylor alleges. Because Taylor has shown no basis for holding Slayton individually liable, his claims against Slayton are dismissed, with prejudice because amendment would be futile.

### D. The Claims Against Defense Counsel

Taylor also alleges that his court-appointed attorney, Clark, violated his rights to due process, effective assistance of counsel, and meaningful access to the courts by willfully participating in carrying out the unlawful practices of Ogg and Emmett.¹³ Taylor contends that Clark was aware of these practices but remained silent in exchange for court appointments.¹⁴

Clark was Taylor's court-appointed attorney. He is not a state actor. Criminal defense attorneys, including court-appointed ones, are not state actors for purposes of a § 1983 suit. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). To hold a defense attorney liable under § 1983, he or she must have engaged in a conspiracy with state actors to violate the constitutional rights of his client. *See Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (citation omitted). A plaintiff must allege specific facts showing a conspiracy between the private and public actors to commit an illegal act. *See Tebo*, 550 F.3d at 496.

To the extent Taylor attempts to allege that Clark conspired with Ogg and Emmett by remaining silent about their practices in exchange for court appointments, his allegations are conclusory, speculative, vague, and insufficient to state a claim under § 1983, as a matter of law.

---

¹²Docket Entry No. 1-5, at 9–10.

¹³Docket Entry No. 1-5, at 11–12.

¹⁴*Id.* at 12.

*See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (per curiam) (conclusory allegations of conspiracy do not support an action under § 1983). Taylor's allegations against Clark are dismissed, without leave to amend because amendment would be futile.

## IV. The Motion for Leave to Amend Complaint

Taylor has filed a motion for leave to amend his complaint.[15] Taylor first seeks to add his "spiritual brother" David Joyner. Joyner did not personally sign the proposed amended complaint, as required by Rule 11 of the Federal Rules of Civil Procedure, and he is not properly before the court as an intervenor or plaintiff. Additionally, Taylor is not a licensed attorney and cannot represent the interests of litigants other than himself. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam).

Taylor also seeks to add Chris Daniel, the Harris County District Clerk, and Art Acevedo, the Chief of the HPD, as defendants, alleging similar, if not identical claims, as those raised against the original defendants. Taylor's proposed amended claims against these defendants would be subject to dismissal for the same reasons outlined above. Neither Daniel nor Acevedo is alleged to have participated in the acts that allegedly caused Taylor's alleged constitutional deprivation**,** and the court cannot reasonably infer from Taylor's insufficient allegations of a widespread "no evidence" practice that he could be entitled to relief. These claims are dismissed, with prejudice and without leave to amend.

Because Taylor's proposed amended complaint does not cure the pleading deficiencies, his motion for leave to amend is denied as futile.

## V. The State Law Claims

---

[15]*See* Docket Entry No. 12.

A federal district court has supplemental jurisdiction over other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has dismissed all of Taylor's federal claims, the court declines to exercise supplemental jurisdiction over any claims he asserts under state law.

## VI. Conclusion

The defendants' motions to dismiss, (Docket Entry Nos. 3, 4), are granted. Taylor's motion for leave to amend his complaint, (Docket Entry No. 12), is denied. Taylor's claims for damages against Officer Nemeth are dismissed without prejudice to refiling after Taylor's criminal prosecution has concluded, only if it concludes in his favor. To proceed with these claims, Taylor must file a motion to reinstate within 30 days of the date that the criminal proceedings terminate, in his favor. All other claims are dismissed, with prejudice, for failure to state a claim.

The defendants' pending motions to stay discovery, (Docket Entry Nos. 7, 10), are denied as moot.

SIGNED on March 29, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge